**United States District Court**
**Eastern District of New York**

| | | |
|---|---|---|
| **Trustees of Cement Masons Local 780** | : | |
| **Benefit Funds** | : | |
| 76 South Central Avenue – Suite 1-C | : | Civil Action |
| Valley Stream, NY 11580, | : | |
| | : | |
| Plaintiffs | : | No. 18-cv-1297 |
| | : | |
| v. | : | |
| | : | |
| **Construction Resources Corp. of New York** | : | |
| 6395 Amboy Road | : | |
| Staten Island, NY 10309 | : | |
| | : | |
| Defendant | : | |

**Complaint**

The plaintiffs – the Trustees of Cement Masons Local 780 Benefit Funds ("Funds") – by their attorneys, Markowitz & Richman, complaining of the defendant, Construction Resources Corp. of New York ("CRC"), allege as follows:

**Nature of Action**

1.  This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185. The action is brought on behalf of the Funds to recover unpaid employee benefit contributions.

1

2. The action is brought by the Funds' Trustees in their capacity as fiduciaries of the Funds.

## Jurisdiction and Venue

3. This court has jurisdiction over this matter pursuant to Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), Section 301(c) of the LMRA, 29 U.S.C. § 185(c), and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to Section § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and 28 U.S.C. § 1391(b).

## Parties

5. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Funds are multi-employer benefit plans within the meaning of Sections 3(1), 3(2), 3(3), 3(37), and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3), 1002(37) and 1132(d)(1).

6. The Funds receive and administer contributions from various employers/contractors, including CRC, who are obligated to make contributions to the Funds by virtue of their having agreed to be bound by collective bargaining agreements with United Cement Masons Union Local No. 780 ("Union").

7. The Funds' office is located at Suite 1-C, 76 South Central Avenue, Valley Stream, NY 11580.

8.  CRC is a New York corporation with a principal place of business located at 6395 Amboy Road, Staten Island, NY, 10309. CRC is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and is engaged in an industry affecting commerce within the meaning of Sections 101 and 301 of the LMRA, 29 U.S.C. §§ 152 and 185. CRC is a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9.  CRC is a fiduciary within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

10.  CRC is a party in interest within the meaning of Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

## Background

11.  CRC is a Contractor as that term in used in a Project Labor Agreement ("PLA") between and among Empire Outlet Builders, LLC ("General Contractor"), Gilbane Building Company ("Construction Manager"), and the Building and Construction Trades Council of Greater New York and Vicinity ("Council"). (A copy of relevant portions of the PLA is included with this complaint as Exhibit A.)

12.  The PLA covers certain specified construction work to be performed at Staten Island Empire Outlets, 55B Richmond Terrace, Staten Island, NY, 10301 ("Project").

13.  The PLA binds all participating signatory unions, the Council, the General Contractor, the Construction Manager, and all Contractors performing work on the Project.

14.  Cement Masons Local No. 780 ("Union") is an affiliate of the Council and is a participating signatory union as that term is used in the PLA. (*See* Exhibit A, pp. 3, 4, 36, and

79.)

15.  CRC employed members of the Union to perform work on the Project.

## Count One

## Breach of Agreement

16.  Paragraphs 1 through 15 of this Complaint are re-alleged as if fully set forth herein.

17.  The Union and CRC are parties to a collective bargaining agreement ("CBA") that requires CRC to make monthly contributions to the Funds on behalf of its covered employees.

18.  The PLA requires all Contractors, including CRC, to promptly pay contributions on behalf of all employees covered by the PLA to the employee benefit funds established by the applicable CBA. (*See* Exhibit A, p. 25.)

19.  CRC acknowledges that it has failed to make its required contributions to the Funds for the payroll weeks ending September 12, September 19, and September 26, 2017. (A copy of correspondence from CRC to the General Contractor dated October 19, 2017, is included with this complaint as Exhibit B.)

20.  As of March 1, 2018, the amount of unpaid contributions owed by CRC is $35,933.18. (A copy of CRC's calculations of the amount owed is included with this complaint as Exhibit C.)

## Count Two

## Violation of ERISA

21.  Paragraphs 1 through 20 of this Complaint are re-alleged as if fully set forth herein.

22.  Section 515 of ERISA, 29 U.S.C. § 1145, requires that every employer, who is

4

obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement, shall do so in accordance with such plan or agreement.

23.  Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that the court, in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, shall, if judgment is entered in favor of the plan, award the plan:  (a) the unpaid contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action; and (e) such other legal or equitable relief as the court deems appropriate.

24.  CRC's failure to make timely contributions to the Funds constitutes a violation of ERISA.

25.  As of March 1, 2018, the amount of unpaid contributions owed by CRC is $35,933.18, but the amounts of interest, liquidated damages, attorneys' fees, and litigation costs are not yet known.

WHEREFORE, the plaintiffs pray that this Court grant the following relief:

(a) judgment in favor of the plaintiffs in the amount of **$35,933.18**;

(b) judgment in favor of the plaintiffs for interest, liquidated damages, attorneys' fees, and litigation costs in amounts that are not yet known;

(c) an Order directing CRC to provide access to its books and records to the

Funds' auditors in order that a determination of the total amount owed may be made;

(d) an Order directing CRC to make future contributions in a timely fashion and in accordance with the Agreement and ERISA; and

(e) such other legal, equitable, and remedial relief this court deems appropriate.

Respectfully submitted,

| March 1, 2018 | /s/   R. Matthew Pettigrew, Jr. |
| :---: | |
| Date | Stephen C. Richman (SR-1798) |

R. Matthew Pettigrew, Jr. (RP-9788)
Suite 2020
123 South Broad Street
Philadelphia, PA  19109
215-875-3100

Attorneys for Plaintiffs

6